SUSAN THRELKELD *v.* BENJAMIN DUERSON'S ADM'R.

[Abstract Kentucky Law Reporter, Vol. 1—339.]

**Conversion of Estate.**

Where one legatee takes possession of an estate but does not qualify as executor, he is liable, if at all, only for conversion if he fails to account for the interests of other legatees. However, where one who takes possession of such an estate and promises another legatee that he will pay her the value of her interest, such a promise may be enforced.

**Stale Claim.**

A claim by one legatee under a will against another legatee, who took possession of the estate, not as executor, and the whole estate amounts to no more than $150, which was all expended in having tombstones placed over the graves of his mother and father as directed by the will, cannot be maintained, even where the one in possession promised to pay to claimant the value of his interests when the claim is not asserted for more than thirty years after the will is probated.

APPEAL FROM HENRY CIRCUIT COURT.

October 14, 1880.

OPINION BY JUDGE PRYOR:

It is alleged by the appellant, Mrs. Threlkeld, that her grandmother, Mary Duerson, died in the year 1841, leaving a last will by which she devised her estate to her two sons, Thomas and Benjamin Duerson, and to America Duerson and the plaintiff, Mrs. Threlkeld; that this will was probated in that year, 1841, and Benjamin Duerson qualified or acted as the executor and failed to account for the estate that came to his hands; that he made no inventory of the estate, but converted it to his own use; and that he often promised to pay her the value of that part of the estate to which she was entitled, and made these promises within a short time before his death that occurred shortly before the institution of this suit against his administrator.

This action was not instituted until the year, 1875, more than thirty-four years after the probate of the will and after the death of the party whose estate is now attempted to be made liable. Benjamin Duerson never, in fact, qualified as the executor of the will of his mother, and he is liable, or his estate, if liable at all, on the idea that he converted the property to his own use, and promised to account to the appellant for the value of her interest. Such a promise could, no doubt, be enforced if it appeared that a conversion had been made of the estate, and the action had been instituted within the proper period. This is certainly a stale claim, if it has any foundation in fact, and any court would be reluctant to render a judgment, upon proof of a parol promise to pay after the lapse of so many years from the date of the original liability; but in this case the lapse of time not only evidences the weakness of appellant's claim, but the weight of the testimony conduces to show that Mrs. Duerson had but little, if any, estate to devise. The commissioner, in a report as to the estate

48

left by the widow, shows clearly that her interest in the land and negroes was only a life estate, or at least that this property was divided between the heirs. She left no estate except household furniture and some stock. This property did not exceed in value $150, and was expended by the decedent, Benjamin Duerson, in having tombstones placed over the graves of his mother and father, as directed by the will.

Benjamin Duerson was a thrifty, prosperous farmer, prompt in all of his engagements, and while there is proof conducing to show that he had made promises to pay the appellant, we cannot regard it as sufficient to revive a liability that originated thirty-four years prior to the assertion by an action at law or in equity to recover the alleged demand. Besides, this is only an action at law, although filed in equity, to recover upon a promise alleged to have been made upon a sufficient consideration. The court below has passed on the facts and we cannot disturb the finding. He cannot be said to have held the property as trustee or in a fiducial capacity, as he never qualified as executor; and if his action as such makes him a trustee, it is too late, after thirty-four years, to give vitality to such an original undertaking, and particularly when it was doubtful as to the existence of the original liability.

Judgment *affirmed*.

*J. & J. W. Rodman, for appellant.*

*Caldwell & Harwood, for appellee.*

